## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JESSE MARTINEZ, individually and on behalf
of all others similarly situated,

        Plaintiff,

v.

PRESBYTERIAN HEALTHCARE SERVICES
and THOMPSON COBURN LLP,

        Defendants.

Case No. _____

Action Filed: November 18, 2024
Action Served: November 22, 2024

**DEFENDANTS PRESBYTERIAN HEALTHCARE SERVICES
AND THOMPSON COBURN LLP'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendants Presbyterian Healthcare Services ("PHS") and Thompson Coburn LLP ("Thompson Coburn") (collectively, "Defendants") hereby give notice of removal of this action, captioned *Martinez v. Presbyterian Healthcare Services, et al.*, bearing case number D-202-CV-2024-09090 from the Second Judicial District Court in the County of Bernalillo, New Mexico to the United States District Court for the District of New Mexico.  Pursuant to 28 U.S.C. § 1446(a), Defendants provide the following statement of the grounds for removal.

## BACKGROUND

1. On or about November 18, 2024, Plaintiff Jesse Martinez ("Plaintiff") filed this putative class action against Defendants in the Second Judicial District Court in the County of Bernalillo, New Mexico, Case No. D-202-CV-2024-09090, alleging causes of action related to a data security incident sustained by Thompson Coburn on or around May 28, 2024.  A true copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.  PHS received the Complaint through service on November 22, 2024, and Thompson Coburn received the Complaint through service on December 4, 2024.

2. The Complaint asserts five causes of action: 1) negligence; 2) breach of fiduciary duty (against PHS only); 3) breach of implied contract (against PHS only); 4) unjust enrichment; and 5) violations of the New Mexico Unfair Trade Practices Act, NMSA 1978 § 57-12-1 (against PHS only).  The putative class that Plaintiff seeks to represent is defined as: "All persons whose PII/PHI was accessed by and disclosed to unauthorized persons in the Data Breach, including all who were sent a notice of the Data Breach."  Compl. ¶ 61.

3. As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

**VENUE AND JURISDICTION**

4. Venue is proper for removal to this Court pursuant to 28 U.S.C. §§ 111, 1391, 1441(a), 1446(a), and 1453 because the Second Judicial District Court in the County of Bernalillo, New Mexico, where the Complaint was filed, is a state court within the District of New Mexico.

5. This case is removable under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because (1) there is minimal diversity between the parties; (2) there are at least 100 class members; and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

**I.   THIS CASE IS REMOVABLE UNDER CAFA**

6. "CAFA gives federal courts jurisdiction over certain class actions . . . if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* at 89 (quoting S. Rep. No. 109-14, p. 43 (2005)). Accordingly, "[n]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id.*

7. Evidentiary proof that these requirements are met need not be submitted with the notice of removal. The notice is sufficient if it constitutes a "short and plain statement of the grounds for removal." *Dart Cherokee*, 574 U.S. at 87.

**A.   The Parties Are Minimally Diverse**

8. This action satisfies CAFA's minimal diversity requirement. Unlike traditional diversity jurisdiction, which requires complete diversity of citizenship between the parties,

2

CAFA requires only minimal diversity. 28 U.S.C. § 1332(d)(2)(A). This requirement is met where any member of the putative class is a citizen of a state different from any defendant. *Id.*

9. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

10. Under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C.A. § 1332(d)(10); *see also Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237 n.1 (10th Cir. 2015) ("Under CAFA, suits brought by 'unincorporated association[s]' are treated like suits by corporations in that the citizenship of the association for diversity purposes is determined by its state of organization and principal place of business, not by the citizenship of its members." (citing 28 U.S.C.A. § 1332(d)(10)); *City of E. St. Louis, Illinois v. Netflix, Inc.*, 83 F.4th 1066, 1071 (7th Cir. 2023) (citing *Siloam Springs Hotel* and noting that every circuit addressing this subject has found that "§ 1332(d)(10) tell us that, for the purposes of § 1332(d), an unincorporated entity is treated like a corporation under § 1332(c)(1): one citizenship for the state of its principal place of business, another state of its organization, and the investors' citizenship ignored."); *see also Robert J. Caluda, APLC v. City of New Orleans*, 403 F. Supp. 3d 522, 535 (E.D. La. 2019) (finding that limited liability partnerships are "unincorporated association[s]" for purposes of CAFA's minimal diversity requirement).

11. Defendant PHS is a citizen of the State of New Mexico. It is a New Mexico nonprofit organization with its principal place of business in Albuquerque, New Mexico. Compl. ¶ 16.

12. Under CAFA, Defendant Thompson Coburn is a citizen of the State of Missouri. It is a limited liability partnership organized under the laws of Missouri with its principal place of business is in St. Louis, Missouri. Compl. ¶ 17.

13. Plaintiff Martinez is a citizen of New Mexico. Compl. ¶ 7.[1]

14. Because Plaintiff is a citizen of New Mexico and Thompson Coburn is a citizen of Missouri, CAFA's minimal diversity requirement is satisfied.[2]

### B. Plaintiff's Proposed Class Includes at Least 100 Members

15. Plaintiff seeks to represent a putative class consisting of "[a]ll persons whose PII/PHI was accessed by and disclosed to unauthorized persons in the Data Breach, including all who were sent a notice of the Data Breach." Compl. ¶ 61.

16. The Complaint alleges that "305,088 individuals were affected in the Data Breach," and that "[t]he members in the Class are so numerous that joinder of each of the Class members in a single proceeding would be impracticable." Compl. ¶ 64. Thus, Plaintiff's proposed class is more than 100 members.

---

[1] Plaintiff Martinez purports to bring this action on behalf of a nationwide class. *See, e.g.*, Compl. ¶ 61 (defining the putative class as "[a]ll persons whose PII/PHI was accessed by and disclosed to unauthorized persons in the Data Breach, including all who were sent a notice of the Data Breach," without limiting the class to New Mexico residents). And under CAFA, minimal diversity is also met where *any member of the putative class* is a citizen of a state different from *any defendant*. 28 U.S.C. § 1332(d)(2)(A).

[2] The so-called "home state exception" is inapplicable here because Thompson Coburn is not a citizen of New Mexico. *See, e.g.*, *Dutcher v. Matheson*, 840 F.3d 1183, 1194 (10th Cir. 2016) (holding that under the home-state exception "***all*** primary defendants" must be citizens of the alleged home state "in order for the case to qualify for remand."). Likewise, the "local controversy exception" is inapplicable here. This exception only applies if Plaintiff shows that "during the three years preceding the filing of the class action, no other class action was filed asserting the same or similar allegations against any of the defendants." *Valdez v. Metro. Prop. & Cas. Ins. Co.*, 867 F. Supp. 2d 1143, 1166 (D.N.M. 2012) (citing 28 U.S.C. § 1332(d)(4)(A)(ii)). Plaintiff cannot make this showing given that eight identical lawsuits have been filed in the Eastern District of Missouri against PHS and/or Thompson Coburn between November 12, 2024 and November 22, 2024. These lawsuits all assert the same or similar allegations regarding the same security incident at issue in this action.

4

### C. The Amount in Controversy Exceeds $5,000,000

17. Defendants dispute that the proposed class could ever be certified or that Defendants are liable for the claims Plaintiff asserts in the Complaint.

18. Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

19. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed [the jurisdictional amount] . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Hammond v. Stamps.com*, 844 F.3d 909, 912 (10th Cir. 2016) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

20. While Plaintiff does not plead a specific amount of damages, for the reasons set forth below, the aggregate amount-in-controversy here exceeds $5,000,000. *See Dart Cherokee*, 574 U.S. at 84 ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so.") (citing 28 U.S.C. § 1446(c)(2)(A)).

21. Plaintiff seeks, in relevant part, the following relief on behalf of the putative class: statutory damages, actual damages, injunctive relief, punitive damages, restitution, disgorgement, and attorneys' fees. Compl. at pp. 28-29 (Prayer for Relief).

22. **Statutory and Actual Damages Under the UPA:** The Complaint alleges that Plaintiff is seeking statutory damages on behalf of himself and the putative class. Compl. at

5

p. 28 (Prayer for Relief (B)).   The statutory damages under New Mexico's Unfair Trade Practices At ("UPA")—Plaintiff's only statutory claim in this action—are "actual damages or the sum of one hundred dollars ($100), whichever is greater."   N.M. Stat. Ann. § 57-12-10(B).[3] While Plaintiff does not specify the amount of statutory damages or actual damages (under the UPA), Plaintiff is seeking damages including "out-of-pocket expenses," "future costs," and "overpayment for the services."   Compl. ¶ 114.   As discussed more in depth in paragraph 23(a) *infra*, because Plaintiff alleges there are approximately 305,088 individuals in the putative class (Compl. ¶¶ 1, 64), the total amount of statutory and actual damages that Plaintiff is seeking under the UPA will far exceed the $5,000,000 jurisdictional minimum under CAFA.

23.   **Actual Damages, Injunctive Relief and Attorneys' Fees:**   In addition to statutory damages, Plaintiff seeks: (1) actual damages, (2) injunctive relief, (3) restitution, (4) disgorgement, (5) punitive damages, and (6) attorneys' fees.

a.   <u>Actual Damages:</u>   While Plaintiff does not specify the amount of alleged damages, the Complaint alleges that "Plaintiff and Class members have suffered and will suffer injury, including . . . (iii) out-of-pocket expenses associated with the prevention, detection, and recovery from unauthorized use of their PII/PHI."   Compl. ¶¶ 59, 83, 88, 114.   Courts have found in similar class actions that the amount of damages for credit monitoring alone is more than sufficient to satisfy the jurisdictional threshold for CAFA.   *See, e.g.*, *Morales v. Conifer Revenue Cycle Sols., LLC*, No. 2:23-CV-01987, 2023 WL 5236729, at *3 (C.D. Cal. Aug. 15, 2023) (finding the amount-in-controversy was satisfied in data breach case with a putative class

---

[3] Under the UPA, "the court may award damages to the named plaintiffs as provided in Subsection B of this section and may award members of the class such actual damages as were suffered by each member of the class as a result of the unlawful method, act or practice." N.M. Stat. Ann. § 57-12-10(E).

of around 120,000 California residents "because the cost of credit monitoring alone would exceed $5 million"); *Porras v. Sprouts Farmers Mkt., LLC*, No. 16-1005-JGB-KKX, 2016 WL 4051265, at *3 (C.D. Cal. July 25, 2016) (holding that credit monitoring expense of $15.95/month for three years for a class of 8,719 was sufficient to establish CAFA amount in controversy); *Abdale v. N. Shore-Long Island Jewish Health Sys., Inc.*, No. 13–CV–1238, 2014 WL 2945741, at *6 (E.D.N.Y. June 30, 2014) (finding it "hard to see" how $5 million was not exceeded for a class "in the thousands" and a claim for actual damages including loss, out-of-pocket expenses, and an administered fund covering more than a year of comprehensive credit monitoring, even without consideration of punitive damages); *Copple v. Arthur J. Gallegher & Co.*, No. C22-0116-LK-SKV, 2022 WL 3357865, at *6 (W.D. Wash. Aug. 2, 2022) (collecting cases).   Thus, Plaintiff's request for actual damages, including "out-of-pocket expenses associated with the prevention, detection, and recovery from unauthorized use of their PII/PHI," satisfies the jurisdictional amount threshold.

b.   <u>Injunctive Relief, Restitution, Punitive Damages, and Disgorgement</u>:   The cost of injunctive relief, restitution, punitive damages, and disgorgement can also count towards the $5,000,000 requirement.   "The Tenth Circuit follows what has commonly been referred to as the 'either viewpoint rule,' which considers either the value to the plaintiff or the cost to defendant of injunctive relief as the measure of the amount in controversy for purposes of meeting the jurisdictional minimum."   *Valuenzuela v. Mt. Hawley Ins. Co.*, No. 2020 WL 8141510, 2020 WL 8141510, at *3 (D.N.M. June 2, 2020) (citing *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006)).   Plaintiff is not clear on the type of injunctive relief that he seeks, but the cost for Defendants to comply with any such ordered relief would likely not be *de minimis*.

7

Likewise, this Court considers the value of disgorgement, restitution, and punitive damages when determining the amount in controversy. *See, e.g.*, *N.M. Top Organics-Ultra Health, Inc. v. Blue Cross & Blue Shield of N.M.*, No. 1:22-cv-00546, 2024 WL 260935, at *6 (D.N.M. Jan. 24, 2024), *report and recommendation adopted*, 2024 WL 1345638 (D.N.M. Mar. 29, 2024) (holding that request for disgorgement "makes clear that the amount in controversy exceeds $5,000,000"); *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) ("Punitive damages may be considered in determining the requisite jurisdictional amount."). Plaintiff does not specify the amount of disgorgement, restitution, or punitive damages that he is seeking on behalf of himself and the putative class, but given that the putative class could be over 300,000 individuals, the total amount is likely well over the $5,000,000 threshold.

      c.    <u>Attorneys' fees</u>:  Plaintiff also seeks attorneys' fees, costs and expenses, including attorneys' fees under the UPA. Compl. at p. 29 (Prayer for Relief (E)), *id.* ¶ 115. This Court and the Tenth Circuit have held that "when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998); *see also Barile v. Jaguar Land Rover N. Am., LLC*, No. CV 20-195, 2020 WL 4500598, at *6 (D.N.M. Aug. 5, 2020) ("The Tenth Circuit explicitly allows for the consideration of future estimated attorneys' fees [in establishing the amount in controversy]."). Accordingly, Plaintiff's requested attorneys' fees further increases the amount to well over the $5,000,000 threshold. *See, e.g.*, *Barreras v. Travelers Home & Marine Ins. Co.*, No. 12-CV-0354 RB/RHS, 2012 WL 12870348, at *3 (D.N.M. Oct. 17, 2012) ("Here, UPA and other statutes under which Plaintiffs assert claims allow for the recovery of fees. . . Accordingly, that

8

amount, too, could count toward satisfying the jurisdictional minimum.") (citing N.M. Stat. Ann. §§ 39-2-1, 57-12-10(C)).

## II.    ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A.    This Notice of Removal Is Timely

24.    This Notice of Removal is timely filed.  PHS received the Complaint through service on November 22, 2024, and Thompson Coburn received the Complaint through service on December 4, 2024.  Because Defendants are filing the Notice of Removal on December 23, 2024, removal is timely.  *See* 28 U.S.C. § 1446(b)(1).

### B.    Consent to Removal Is Not Required Under CAFA

25.    CAFA eliminates the need for the removing party to obtain the consent of other defendants.  28 U.S.C. § 1453.  Regardless, Defendants join in filing this Notice of Removal.

26.    By filing this Notice of Removal, Defendants do not waive any defense that may be available to them and reserve all such defenses.  If any question arises as to the propriety of the removal to this Court, Defendants request the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

### C.    Procedural Requirements under Section 1446(a)

27.    Section 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings, and orders" served on it in the state court action.  True and correct copies of the Complaint and all papers filed in the state court action are attached hereto as **Exhibits A through E**.  As required by 28 U.S.C. § 1446(d), Defendants will file an appropriate notice in the state court action and will serve on all counsel of record a true and correct copy of this Notice of Removal.

## CONCLUSION

WHEREFORE, Defendants hereby remove this action from the Second Judicial District Court in the County of Bernalillo, New Mexico to the United States District Court for the District of New Mexico.

Dated: December 23, 2024    By:    /s/ Kip Purcell
                                                       Charles K. Purcell
RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.
P.O. Box 1888
Albuquerque, New Mexico 87103-1888
Telephone: (505) 765-5900
Facsimile: (505) 768-7395
kpurcell@rodey.com

Kenneth L. Chernof (*pro hac vice* forthcoming)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 942-5000
ken.chernof@arnoldporter.com

Daniel Raymond (*pro hac vice* forthcoming)
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street
Chicago, Illinois 60602-4321
Tel: (312) 583-2300
daniel.raymond@arnoldporter.com

*Attorneys for Presbyterian Healthcare Services*

By:   /s/ Michael Rumac
Michael Rumac
GORDON REES SCULLY MANSUKAHNI, LLP
8500 Menaul Blvd NE, Suite A-335
Albuquerque, NM 87112
(505) 998-0662
mrumac@grsm.com

<div style="margin-left: 50%;">

Justin M. Holmes (*pro hac vice* forthcoming)
GORDON REES SCULLY MANSUKAHNI, LLP
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, PA 19103
(212) 453-0787
jholmes@grsm.com

Brian Middlebrook (*pro hac vice* forthcoming)
Alexandra Mormile (*pro hac vice* forthcoming)
GORDON REES SCULLY MANSUKAHNI, LLP
One Battery Park Plaza, 28th Floor
New York, New York 10004
(212) 269-5500 (Phone)
(212) 269-5505 (Fax)
bmiddlebrook@grsm.com
amormile@grsm.com

*Attorneys for Thompson Coburn LLP*

</div>